TEXAS & NEW ORLEANS RAILROAD COMPANY v. W. L. BINGLE.

No. 735.

1. **Master and Servant—Defective Machinery—Promise to Repair.**—An employe who without protest continues in service after he has learned, or by proper diligence should have learned, of a defect in machinery furnished him, assumes the risk from such defect; but where he complains to the master of the defect and receives a promise that it will be removed, there is no assumption of the risk by a mere continuance by him of the use of the defective appliance.

2. **Assumption of Risk and Contributory Negligence Distinct Defenses.**—In this State the assumption of risk and contributory negligence are treated as distinct defenses.

3. **Same—Exceptions and Limitations Upon General Rule.**—If the danger to the servant is so great that the policy of the law will forbid persons even under a promise to take the risk and then seek compensation in the courts, or if, having taken it, the servant by his own carelessness in performing his work has increased the risk and contributed to his own injury, the promise can not avail him; and the servant can rely upon the promise only a reasonable time for the master to comply with it. Railway v. Brentford, 79 Texas, 619, distinguished.

4. **Same—Charge of Court—Duties of Master and Servant.**—A charge defining the duty of the master to be, "to do everything that can reasonably be done for the safety of its employes, and to furnish reasonably safe machinery and appliances for the use of said employes," requires a higher duty than the law places upon the master; the duty of the master being to use such care as a person of ordinary prudence would employ in such matters to see that the machinery and appliances were reasonably safe. The duty of the servant is to use the care which a person of ordinary prudence would use in the same situation, considering all its risks, and the additional care, if any, which knowledge of existing conditions would make incumbent on him.

5. **Pleading—Allegations of Damages.**—It is not necessary that the petition should specially allege mental and physical suffering, as such damages necessarily result from personal injuries sustained, but lessened earning capacity should be specially alleged, as it is not always a necessary consequence of such injuries.

APPEAL from Liberty.   Tried below before the Hon. L. B. HIGH-
TOWER.

*Perryman, Gillaspie & Bullitt,* for appellant.—1.  If the servant
knows of the defective condition of the machinery furnished him by
the master, and knows the danger arising from its use, and continues
to use it, he can not recover, unless this is also known to the master
and there is an express or implied promise to repair, and the injury
occurs within a reasonable time after such promise to repair.   This
charge not only required the jury to find from the evidence that the
plaintiff was guilty of contributory negligence, but to also find, that
the plaintiff knew the defective condition of the machinery and real-
ized the danger, before they could find for the defendant.   Railway v.
Abbott, 24 S. W. Rep., 279;  Railway v. Davis, 23 S. W. Rep., 301.

2.  The care required of a person in any business is graded by the
danger arising therefrom.   A person for his own protection must use
the degree of care a person of ordinary prudence would use in such
business, and not what prudent men under similar circumstances
would do.   Railway v. Wylie, 26 S. W. Rep., 85.

3   As the plaintiff knew the condition of the engine, and knew the
danger, he was required to use more than ordinary care.   Shearm. &
Redf. on Neg., 125;  Thorp v. Railway, 2 S. W. Rep., 3.

4.  If the servant knows that the machinery is defective and dan-
gerous at the time he is injured thereby, he can not recover, although
the master may have promised to repair the same.   He is entitled to
the presumption that the defect has been remedied, if a reasonable
time has elapsed in which the repairs may have been made; but if he
knows that the machinery has not been repaired, and knows of the
danger at the time he is injured, he is guilty of contributory negli-
gence, and can not recover.   Railway v. Brentford, 79 Texas, 619; 2
Thomp. on Neg., 1008–1010;  Railway v. Drew, 59 Texas, 10;  Railway
v  Leash, 2 Texas Civ. App., 68.

5.  Although a promise may be made to repair defective machinery,
yet if this promise is not performed in a reasonable time, and the
servant continues in the employment, an inference arises of new
terms having been agreed upon, and the servant can not recover.
Railway v. Watson, 14 N. E. Rep., 721;  same case, 15 N. E. Rep.,
824;  14 Am. and Eng. Encyc. of Law, 856, sec. 13, note 3;  Whitaker's
Smith on Neg., 135, 136.

*Wheeler & Rhodes,* for appellee.—1.  The charge objected to imposes
no higher duty or obligation on the master than that contended for by
this court in Railway v. Abbott, 24 Southwestern Reporter, 299, in
which the court says:   "The master is required to use only reasonable
care and diligence; that is, such as men of ordinary prudence employ
in such matters."

2. The degree of care which the plaintiff was required to use, knowing the condition of the engine, was a question of fact for the jury, to be considered and determined by them as an issue in the case, and the jury having found, as was their province, that the appellee was not guilty of contributory negligence in attempting to get on the engine while in motion in the manner as detailed by him, this court will not usurp the province of the jury and declare acts to be contributory negligence upon which a jury has passed to the contrary. 69 Texas, 160; Railway v. Harmon, 147 U. S., 57; 69 Texas, 547; Railway v. Powers, 149 U. S., 45; Railway v. Stout, 17 Wall., 657; Railway v. Ives, 144 U. S., 408–417.

3. If the servant remains in the service of the master after the discovery of anything in the machinery or appliances connected with the service affecting his safety and rendering his employment more than ordinarily dangerous, and he informs the master of such defect in the machinery or appliances, and the master promises to repair the defect in a reasonable time, the servant, in remaining in the service of the master and using such defective appliances for a reasonable time after such promise to repair, will not be held to have waived the defects or assumed the risks incident to the use of such defective appliances, and a knowledge on the part of the servant of the fact that the machinery has not been repaired is no bar to his recovery of damages for injuries received by him from the use of such defective appliances, where the master has promised to repair the defects, and the servant continues to work with such defective machinery for a reasonable time thereafter, relying upon such promise. Railway v. Donnelly, 70 Texas, 371; Beach on Con. Neg., 371; Shearm. & Redf. on Neg., sec. 96.

WILLIAMS, ASSOCIATE JUSTICE.—Appellee sued to recover for personal injuries received by him while acting in the capacity of fireman in defendant's service, in attemping to mount an engine from which a step was missing. It was charged in the petition, that the absence of the step rendered the engine defective and dangerous, and that the omission of defendant to supply it was negligence which caused the injury. It was admitted that plaintiff had known of the absence of the step for a few days before, as well as at the time, his injuries were received; but it was alleged, that he had complained of the fact, and that defendant had promised to remedy the defect, and that upon this assurance he had remained in the service, using due care himself, and was injured as alleged.

After verdict, a motion in arrest of judgment, on the ground that the petition stated no cause of action, was made and overruled, and one of the assignments presents this ruling as error.

The proposition urged in support of this assignment is, that "where an employe remains in the service of the employer after the discovery of anything in the machinery or appliances connected with the service affecting his safety and rendering his employment more than ordina-

rily dangerous, he must inform the employer, or otherwise he assumes all the risks of increased dangers; and if the employer promises to repair in a reasonable time, the servant will not be held to have waived the defect or assumed the risk until a reasonable time has elapsed after the promise; but after such time has elapsed he assumes the danger.

The rule, that an employe who without protest continues in the service after he has learned, or by proper diligence should have learned, of a defect in machinery furnished for his use, assumes the risk resulting from such defect, is well settled. Where he simply protests, and, without any promise or anything said or done by the master to induce him to remain in the service in the confidence that repairs will be made, continues to use the defective thing, it seems to be settled in this State that the rule is not changed and the risk is still upon the servant. Some authorities hold, that under this state of facts the servant does not assume the risks, but that the question presented is simply one of contributory negligence for the jury, whether or not, under all the circumstances, the risk known to the servant was so great that a person of ordinary prudence would not have incurred it. This view is, however, not adopted by our Supreme Court. Railway v. Drew, 59 Texas, 10. But where the servant complains to the master of the defect and receives a promise that it will be removed, it is generally held, that there is no assumption by the servant of the risk by a mere continuance of the use of the defective appliance. Railway v. Drew, supra; Railway v. Brentford, 79 Texas, 619; Railway v. Donnelly, 70 Texas, 373; Railway v. Williams, 82 Texas, 343; Railway v. Leash, 2 Texas Civ. App., 68; Railway v. Turner, 3 Texas Civ. App., 488; Hough v. Railway, 100 U. S., 214; Shearm. & Redf. on Neg., sec. 96; Thorpe v. Railway, 2 S. W. Rep., 3; Railway v. Watson, 14 N. E. Rep., 721; Thomp. on Neg., 1009; Whart. on Neg., 220; Cool. on Torts, 559.

The reasons for this exception to the general rule have been variously stated, some authorities treating the promise of the master as an implied request to the servant to continue in the service until the repairs can be made, and as an assumption of the risk, and others regarding it as tending to exempt the servant from the charge of contributory negligence in exposing himself to danger.

In this State the assumption of risk and contributory negligence are treated as distinct defenses. The servant may remain in the service when he knows of a defective condition of the appliances, without having negligence imputed to him by law. He nevertheless assumes the risk, unless the facts take his case out of the general rule and bring it within the exception noted. On the other hand, a protest and promise to repair may be shown, and the servant may yet be guilty of contributory negligence in using a defective and dangerous machine. Green v. Cross & Eddy, 79 Texas, 132; Railway v. Somers, 78 Texas, 443; Railway v. Bryant, 27 S. W. Rep., 825.

It would seem to follow, that a promise of the master to repair, upon complaint by the servant, relieves the servant, in continuing in the service, not merely of the imputation of contributory negligence, for no such imputation arises as matter of law, but of any assumption of the risk; and hence imposes such risks upon the master. And, under our decision, the reason why such a promise modifies the rule which charges the servant with risks resulting from defects of which he has knowledge, is, that the objection and promise to repair leave the risk where the duty is, upon the master. In view of the great number of decisions upon the subject, it is unnecessary to state the reasons upon which such effect is given to the promise of the master.

As the risks to be incurred by the servant under such circumstances are not assumed by him, but by the master, the loss must fall upon the latter, unless the danger to the servant is so great that the policy of the law will forbid persons, even under such a promise, to take it and then seek compensation in the courts; or unless, having taken it, the servant by his own carelessness in performing his work has increased the risk and contributed to his own injury. Although the promise may be given, the law does not relieve the servant of the duty resting upon men generally of using reasonable care for his safety. But in determining whether or not due care has been observed in a given case, the promise and its natural effect upon a man of ordinary prudence is to be taken into consideration.

This view of the question is not thoroughly sustained by our decisions, and considerable doubt is thrown upon the doctrine under consideration by the opinion in the Brentford case, 79 Texas, 619. It is intimated there, that the servant can not hold the master responsible for an injury resulting from such a risk, if he knew when he exposed himself that the promise had not been complied with. But it seems to us that such a view, unless it be limited to cases in which the servant has been guilty of negligence, disregards the effect of the promise of the master, as taking upon himself the risk incurred by the servant in doing the work. If the servant, by the promise, is at first justified in remaining in the service, and does not in so doing take upon himself responsibility of the danger incurred, how can it be said that he makes it his own when he continues to work with the defective appliance at the time he receives his hurt? Such a doctrine would entirely destroy the force of the promise as an assumption of responsibility by the master, and force the servant to stop working with the imperfect appliance, notwithstanding such promise, until the repair had been made. Of course, in supposable cases the servant may not be warranted in continuing to use the machinery, though a promise to repair be made, for the danger may be so great and patent that no prudent man would incur it; or the servant may, by subsequent carelessness of his own, add to the risk assumed by the master, in either of which cases the promise to supply the defect could not avail him. But in our opinion, the mere fact that the servant, acting under such a promise,

knows at the time he receives his injury from the defective condition that it has not been removed, does not impose upon him the risk, any more than did his continuance in the service with knowledge of the defect at the time the promise was made. The opinion in the Brentford case deals mainly with the defense of contributory negligence rather than with that of assumption of risk, and is not a decision of the point now under consideration, though there are expressions in the opinion which seem to controvert the exception to the general rule, arising from a promise to repair. A limitation, generally recognized, upon the doctrine that the promise to repair places the risk upon the master is, that the servant can rely upon the promise only for a reasonable time for the master to comply with it; and must not himself be guilty of a want of due care contributing to his injury.

Coming back to the petition, it will be seen, that while it admits knowledge on the part of plaintiff of the defect from which the injury resulted, it also alleges a promise of defendant to repair it, upon which plaintiff relied. It further avers, that plaintiff himself exercised due care in performing the work, and it does not appear from the allegation that more than a reasonable time for the fulfillment of the promise elapsed after it was made and before the happening of the injury. It stated a case good upon general demurrer, and the motion in arrest of judgment was properly overruled.

The charge of the court, however, did not submit to the jury the case made by the pleading, and which the evidence offered by plaintiff tended to establish. It was conceded in both pleadings and evidence that plaintiff knew of the absence of the step, and it was sought to avoid the effect of this fact by showing a promise to repair. The evidence upon this, as, upon many other points, was conflicting, if a promise by the engineer in charge of the engine is to be treated as that of defendant. This promise to repair was an essential part of the case, without proof of which plaintiff could not recover. Without such a promise, his remaining in the service with the knowledge of the defect would have been an assumption of the risk, whether it was negligent for him to do so or not. The charge of the court did not require proof of the promise, but allowed a recovery upon proof of negligence on the part of defendant in not supplying the step, provided plaintiff had not himself been guilty of negligence in performing his work. Thus plaintiff was permitted to recover upon proof of fewer facts than were essential under his pleadings. The charge also seems to confound and couple together as one the two questions of assumption of risk and contributory negligence, when either may exist without the other.

It is complained, that the charge assumed that the defendant knew of the absence of the step; that its absence rendered the engine dangerous, and that in permitting this condition to continue defendant was guilty of negligence. The uncontradicted evidence shows the first two facts conclusively, and had the court assumed the other, we would hesitate to say that it was not warranted in so doing. But we understand

the charge to submit the question of negligence to the jury. The charge defined the duty of defendant to be, "to do everything that can reasonably be done for the safety of its employes, and to furnish reasonably safe machinery and appliances for the use of said employes." This is a higher duty than the law places upon the master. That duty is to use such care as persons of ordinary prudence would employ in such matters to see that the machinery and appliances were reasonably safe. But under the evidence in this case the error could not have injured appellant, as there is no dispute about the condition of the engine, nor as to notice to appellant. Notice to the servant whose duty it was to look after the condition of the engine was notice to the defendant.

The charge defining the degree of care to be used by the plaintiff in dealing with the engine was correct. His duty was to use the care which a person of ordinary prudence would use in the same situation, considering all the risks of such situation. The additional care, if any, which knowledge of the condition of the engine would make incumbent on him, is embraced in this rule, and was for the jury to determine.

It was not necessary that the petition should especially allege the mental and physical suffering. Such damages necessarily resulted from the injuries sustained. Lessened earning capacity should be especially alleged, as it is not always a necessary consequence of such injuries. The petition may sufficiently indicate such loss in this case, as no exception was taken to it, but this is questionable, and the claim for this element of damages can be made clearer by an amendment.

We will not pass upon the assignments questioning the sufficiency of the evidence nor upon the assignment that the verdict was excessive.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered January 31, 1895.