St. Louis Southwestern Railway Company of Texas v. C. D. Smith.

Decided January 25, 1908.

**1.—Railway—Public Road—Crossing—Pleading.**

In a suit against a railway company for personal injuries received at a crossing over defendant's track, pleading considered, and held, to sufficiently allege that the railroad crossing was a part of a public highway.

**2.—Railroad Crossing—Statute Construed.**

A railroad crossing, within the meaning of article 4426, Rev. Stats., is not confined to that portion of a railway company's road-bed upon which the cross-ties and iron rails are laid, but extends to and includes the approaches of public roads thereto on its right of way. A charge upon the duty of railroads to keep the road-crossings in repair, considered, and held correct.

**3.—Same—Knowledge of Defect—Contributory Negligence.**

Because a plaintiff had previous knowledge of a defect in a bridge, it does not follow, as matter of law, that he is guilty of contributory negligence in attempting to cross it. This is a question of fact to be submitted to the jury.

**4.—Road Crossing—Duty of Railroads.**

An absolute duty rests upon railroads under our statute to keep in repair the crossings of their track over public roads, and in a suit for damages for failure to do so, it is no defense that other portions of the same public road were not kept in repair, or were in no better repair than the crossing in question.

**5.—Same—Negligence—Question of Fact.**

Because there was room enough on a bridge, on a railroad's right of way, to cross on one side without stepping into a hole in the bridge, it would not follow, as matter of law, that the railroad was not guilty of negligence in permitting the bridge to remain in such condition. It was a question of fact for the jury.

**6.—Personal Injuries—Evidence—Charge.**

Where there was no evidence to prove certain injuries alleged, and the evidence as to other injuries alleged was conflicting, it was not reversible error for the court to refuse a special charge directed to that state of facts when, in the main charge, the jury were instructed that the burden of proof was upon the plaintiff to make out his case by a preponderance of the evidence, and they must believe from the evidence the existence of every fact necessary to a recovery by plaintiff.

Vol. XLIX. Civil—1.

Appeal from the District Court of Hunt County. Tried below before Hon. T. D. Montrose.

*E. B. Perkins* and *Templeton, Crosby & Dinsmore,* for appellant.

*J. S. Sherrill,* for appellee.

TALBOT, ASSOCIATE JUSTICE.—Appellee brought this suit to recover of appellant damages for personal injuries alleged to have been sustained by him through the negligence of appellant in permitting a hole to be and remain in a bridge on its right of way at a public road crossing, into which appellee stepped while using said crossing. A trial by jury resulted in a verdict and judgment in favor of appellee for the sum of $3,200, from which the railway company has appealed.

There is no controversy about the pleadings and it is deemed unnecessary to state them. The facts, briefly stated, are substantially as follows: On the 28th day of April, 1905, and for many years prior to the construction of appellant's railroad, there was a public county road in Hunt County, Texas, known as the Caddo Mills and Colony Line Road. This public road crosses appellant's railroad track a short distance from appellee's house, and passes near L. B. Massey's house, which is situated about 100 yards south of the crossing. On the night of April 28, 1905, appellee, in company with his wife, daughter and baby, went on foot to a party at Massey's, traveling the public dirt road and crossing over appellant's track and right of way in going there. There was a bridge, which had been constructed by appellant, on the south side of its railroad track over a ditch or drain on its right of way where the dirt road crosses. This bridge was covered with pine planks about 15 or 16 feet long lying parallel with the track and came up to the iron rail of the railroad track. The ditch over which this bridge was constructed was cut when the railroad bed was made for drainage purposes, and the bridge built by the railway company to cover it. On the night appellee was hurt, and for some time prior thereto, there was a hole in the bridge at its southeast corner, and on appellee's return from the party at Massey's and while walking over the bridge in question he stepped into the hole and was injured. His injuries are probably permanent, and are the direct result of the negligence of appellant in permitting the bridge on the crossing to become and remain out of repair in the respect mentioned. Appellee had passed over the crossing often, but did not know the hole was in the bridge until he stepped into it.

Appellee's first assignment of error complains of the following paragraph of the court's charge, to wit: "A railroad company has the right to construct its road across any highway, but it is the duty of such railroad company to restore such highway to its former state or to such state as not to unnecessarily impair its usefulness, and to keep such crossing in repair." This charge is objected to on the ground that it is not applicable to the case made by appellee's petition, for that it is not alleged that when appellant constructed

its road across the highway it failed to restore the same to its former state, or to such state as not to unnecessarily impair its usefulness, and failed to allege that the bridge was any part of the crossing. We are of the opinion the petition was sufficient to warrant the charge. It alleged the existence of the highway. before the construction of appellant's railroad; that the ditch over which the bridge was constructed was cut at the time the railroad was built, and that the bridge was so constructed for the use of the public. The petition further alleged that it was the duty of appellant to restore the highway to the condition it was in before the building of the railroad or to such state as not to unnecessarily impair its usefulness, and to keep it in repair and safe condition, and that appellant had failed to do so. The petition fairly construed is not subject to the criticism urged against it.

By its second assignment of error the appellant complains of the third paragraph of the court's charge, which reads as follows: "If you find from the evidence that prior to the 28th day of April, 1905, the defendant's railroad crossed a public county road near the town of Clinton, and if you further find that at the point where said railroad crossed said dirt road the defendant had covered a ditch on its right of way with planks, and the same formed a bridge over said ditch, for the use of the public who crossed said railroad on and along said dirt road; and if you further find that defendant on and prior to said date had permitted one or more planks in said said bridge to become old, decayed and broken, forming a hole in said bridge, through which persons using said bridge might fall; and if you further find that defendant on said date knew of the condition of said bridge, or by the exercise of such care as an ordinarily careful and prudent person would exercise under similar circumstances could have known of its condition; and if you further find that on the 28th day of April, 1905, at night, plaintiff was traveling on and along said highway over and across defendant's right of way and railroad track, and over said bridge, and if you further find that while he was so crossing he stepped into a hole in said bridge, as hereinabove referred to, and he was thereby injured, as alleged in his petition; and if you further find that at the time he stepped into said hole that he did not know of the existence of said hole, and you further find that the defendant permitted such hole to form and remain in said bridge, and that permitting such hole to form and remain in said bridge was a failure to keep said crossing in repair, and if you further find that such failure to repair, if any, was the proximate cause of plaintiff's injuries, if any, then you will find for the plaintiff."

The several objections to this charge are: (1) That so much of it as required the appellant to keep the bridge in repair was not authorized by either the pleadings or the evidence; (2) that if raised by the evidence the issue as to whether the bridge was any part of the crossing should have been submitted to the jury and the charge assumes that it was a part of said crossing; (3) that it erroneously imposes the absolute duty upon appellant to keep the bridge in repair; (4) that the charge in effect instructed the jury

that a failure on appellant's part to keep the bridge in repair was negligence *per se*, whereas the question as to whether such failure was actionable negligence was one of fact for the determination of the jury; (5) that the charge was erroneous in that it instructed the jury to find for appellee if appellant suffered the bridge to get out of repair and appellee was injured in consequence thereof, without further instructing them as to what would constitute a keeping of the bridge in repair. Neither of these objections is well taken. Under the allegations of the petition and facts adduced, article 4426 of the Revised Statutes was applicable, and justified the court in assuming that the bridge was a part of the crossing and in so treating it. As heretofore shown, the bridge runs up to the iron rail of the railroad track and covers a ditch made along the side of the track in building the roadbed. The crossing, within the meaning of the statute referred to, is not confined to that portion of a railway company's roadbed upon which the crossties and iron rails are laid, but extends to and includes the approaches of public roads thereto on its right of way. Gulf, C. & S. F. Ry. v. Sandifer, 69 S. W. Rep., 463. The remarks of Judge Stephens in the case of St. Louis S. W. Ry. v. Byas, 12 Texas Civ. App., 659, to the effect that article 4170b (now article 4435), seemed to be applicable to the facts of that case rather than article 4170 (now article 4426), because it applies to the public road on the right of way as well as the crossing, while article 4170 in literal terms is limited to the crossing, should not be construed as a contrary holding by the Court of Civil Appeals of the Second District, and we do not so regard them. If, however, the case should have been submitted to the jury under article 4435, instead of article 4426, the error was harmless, because the duty which the appellant owed the public, under the facts of this case, was practically the same in either case, and the charge under consideration imposed no greater burden or duty than would have been imposed by a correct charge under article 4435. In the case of St. Louis S. W. Ry. v. Byas, *supra,* it is said that "if there is any substantial difference in the degree or extent of the duty imposed by the two articles . . . we fail to discover it."

The contention that the charge was error, because it imposed upon .the railway company the absolute duty to keep the bridge in repair, can not be sustained. Where a railroad is constructed across a public road or highway, already established, the duty of the railway company under the statute to keep the crossing in repair is absolute. Such was the fact in this instance, and as the bridge was a part of the crossing, the court correctly framed its charge so as to impose such duty. It has been so held by the Appellate Courts of this State. Taylor, Bastrop & H. Ry. v. Warner, 88 Texas, 642; San Antonio & A. P. Ry. v. Belt, 24 Texas Civ. App., 288. In the first case cited the Supreme Court said that a charge practically the same as the one under consideration was a correct statement of the law applicable to a public highway and the duty of railroad companies in crossing such as are embraced in the terms of the statute.

If, however, it can be said that the charge in question was erro-

neous under the pleadings and evidence in this case, appellant has no cause of complaint because the error, if any, was cured by a special charge given, in which only the duty of ordinary care to keep the crossing in repair was imposed upon appellant. This special charge, in view of the case made, we think was error, but favorable to appellant. In the case of St. Louis S. W. Ry. Co. v. Johnson, 38 Texas Civ. App., 322, cited by appellant, and in which the statement is made that "it is the absolute duty of the defendant to restore the crossing of a highway disturbed by the construction of its line of railway, but in maintaining the crossing it is required to use only reasonable care," it does not appear, whether the railroad was constructed before or after the establishment of the public road, but, especially since the case of San Antonio & A. P. Ry. Co. v. Belt, *supra,* in which it is held that the duty is absolute, if after, is cited in support of the ruling, it must be presumed that it was after the establishment of such road. There was no necessity to instruct the jury as to what would constitute a keeping of the crossing in repair, and as it was made the duty of appellant by statute to keep it in repair, a failure to do so would be negligence *per se* and the court properly so charged the jury.

The third assignment of error complains of the following charge: "But if you find from the evidence that plaintiff knew of the hole in the bridge before or at the time of the injury, and you further believe that a person of ordinary prudence situated as the plaintiff was and with the knowledge he had of the condition of the bridge would not have stepped into said hole, then you will find for the defendant." This charge is assailed on the ground that it is confusing and misleading; that if plaintiff actually knew that the hole was in the bridge he was guilty of contributory negligence in going on the bridge and stepping into the hole, and therefore the charge erroneously submitted the issue of his negligence as a disputed fact; that it erroneously submitted to the jury as a disputed question of fact whether a person of ordinary prudence would have stepped into the hole in the bridge when, as a matter of law, under the facts of the case, a person of ordinary prudence would not have done so. The charge is probably subject to criticism. But the proposition that if appellee knew the hole was in the bridge he was guilty of contributory negligence, as a matter of law, in going upon the bridge and stepping into the hole, is not correct. The public road passing over appellant's track at the crossing where appellee was injured was the only convenient or practicable route, so far as the testimony shows, leading to Massey's house, and because appellee may have known that the hole was in the bridge (which, however, he denies), he was not for that reason compelled to refrain from going to the party to which he had been invited, and from the use of the crossing on his return home. The mere attempt to cross the bridge with knowledge that the hole was in it was not conclusive evidence of negligence. Many people habitually passed over the crossing, and it was not shown that anyone, except appellee, had been injured in doing so. Whether his acts in going upon that part of the bridge where the hole was situated and stepping into it, under the circum-

stances, constituted contributory negligence on the part of appellee, was a question of fact raised by the evidence, for the determination of the jury. Gulf, C. & S. F. Ry. v. Gasscamp, 69 Texas, 545. And if the charge erroneously submitted, as a disputed question of fact, whether a person of ordinary care under the facts shown would have stepped into the hole in the bridge, we think it can be safely said that it resulted in no harm to appellant. The purpose of the charge was to submit the issue of contributory negligence, and upon this question the court gave, at the request of the appellant, the following instruction: "If you believe from the evidence that plaintiff approached the bridge on foot and in the night time and attempted to pass over the same and that an ordinarily prudent person, situated as he was and with the knowledge he had of the bridge, would not have gone onto the bridge where he did or would not have attempted to pass over the same, then he would be guilty of negligence that would bar a recovery by him herein, and you should return a verdict for the defendant."

It is assigned that the court erred in refusing to give special charges requested by the appellant, embracing the following propositions: (1) While a railroad company is required by law to have a public road that crosses its track in a reasonably safe condition, there is no statute which requires a railway company to have the road where it crosses the railroad track in any better or safer condition than such road is kept where it passes over adjoining lands; (2) the law does not require a railway company to build a bridge of any particular kind or width over ditches in its right of way where its track crosses a public road, and if the bridge where appellee claims to have been injured was of sufficient width, to the side of the hole into which appellee stepped, for the passage of travelers on foot using ordinary care, then the appellant owed no further duty to appellee, and he could not recover. Neither of these propositions correctly state the law with respect to the duty of railway companies in the respective matters to which they relate. The condition of the public road in question at other places could not be shown or considered in determining whether or not appellant had discharged its statutory duty to keep the crossing where appellee was hurt in such repair as not to unnecessarily impair its usefulness. This was a duty imposed by statute which appellant was required to perform, regardless of any duty that may have rested upon the county or its road overseer to keep other portions of the public road in repair, or the manner in which that duty was discharged. Nor can it be said as a matter of law that notwithstanding the hole in the bridge, into which appellee stepped, that if the bridge was of sufficient width to the side of said hole to enable persons to pass over it without necessarily stepping or falling into it, the appellant's full duty to the public had been performed and appellee could not recover. It was appellant's duty to so keep in repair that portion of the public road on its right of way as was disturbed by the construction of its railroad, as to render it reasonably safe for the use of the traveling public, and whether that duty had been per-

formed by maintaining such a bridge as the one shown in this case was a question of fact for the jury, and not one of law for the court.

Appellant also assigns as error the refusal of the court to give the following special charge requested by it: "Even if you should find for the plaintiff you should not allow him damages for any injury alleged in his petition, except such as have been shown by a preponderance of the evidence to have been in fact sustained by him." It is contended that there was no proof whatever tending to show that appellee sustained some of the injuries alleged; that the evidence was sharply conflicting as to whether he sustained other of the injuries alleged, and that as the burden of proof was upon appellee to show by a preponderance of the evidence such of said injuries as he in fact suffered by the accident, the above charge should have been given to prevent the jury, in estimating the damages, from taking into consideration any injury not so proven. While we think it would not have been improper to have given the charge, yet we are clearly of the opinion that in refusing to do so the court did not commit reversible error. The jury were instructed that the burden of proof was upon the plaintiff to make out his case by a preponderance of the evidence, and, in that paragraph of the charge applying the law to the facts, they were required *to believe from the evidence* the existence of every fact necessary to a recovery by him. They must have understood that these charges applied to the several injuries alleged, as well as to any other fact alleged, and that they would not be justified in finding that plaintiff had sustained any injury alleged not shown by a preponderance of the evidence to have been sustained by him. It will not be presumed that the jury, in the face of these charges, considered injuries in arriving at the amount of their verdict, which they were not warranted by the evidence to say that plaintiff had received. Besides, serious injuries were shown to have been sustained by appellee in consequence of the accident alleged, and it is not pretended that the verdict is excessive.

There are one or two assignments of error that relate to special charges which have not been discussed. These charges, insofar as they contained correct propositions of law applicable to the facts, were covered by the court's main charge and special charges given at the request of appellant.

The evidence was sufficient to justify the jury's findings, which are necessarily embraced in their verdict, that appellee's injuries were directly caused by the negligence of appellant as alleged; that appellee was not guilty of contributory negligence, and has sustained damages in the amount awarded him. These issues, as well as all other essential or pertinent ones, were submitted to the jury for their decision by charges of which appellant can not justly complain; they were determined in favor of appellee, and the judgment of the court below will, therefore, be affirmed.

*Affirmed.*

Writ of error refused.