PECOS & N. T. RY. CO. v. HUSKEY.
(No. 592.)

(Court of Civil Appeals of Texas. Amarillo. April 4, 1914. Rehearing Denied May 9, 1914.)

1. RAILROADS (§ 95*)—CROSSINGS—DUTY TO MAINTAIN.

The contention that where a railroad crosses a public highway it is not required to keep the approaches in repair if properly constructed, unless the approach constitutes a part of the track or crossing proper, is untenable.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 274–283; Dec. Dig. § 95.*]

2. DAMAGES (§§ 143, 149*)—ALLEGATIONS.

Under the general allegation of damages in a personal injury action by breaking plaintiff's arm, etc., plaintiff could recover for both mental and physical suffering.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 410, 433; Dec. Dig. §§ 143, 149.*]

3. DAMAGES (§ 143*)—PERSONAL INJURIES—ALLEGATIONS.

The petition alleged that while riding on horseback along a public highway, and while crossing defendant's railroad track at its intersection with the public road, and while upon defendant's right of way, plaintiff's horse stumbled over a hole in an iron culvert or metal pipe, which defendant had placed in and on said public road as a drain pipe, by reason whereof plaintiff was thrown to the ground, injuring his nose, shoulder, and arm, etc., and that defendant was negligent in placing said culvert across the road in the manner in which it was placed there, and in not keeping and maintaining the same, and in permitting it to become uncover-

ed and allowing a hole to be and remain therein so as to become dangerous to travelers. *Held,* that the petition was not objectionable as failing to state of what the damages consisted.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 410, 433; Dec. Dig. § 143.*]

4. RAILROADS (§ 344*)—CROSSING ACCIDENTS—ALLEGATIONS OF PETITION—CAUSE OF INJURY.

The petition was not objectionable as failing to state in what way plaintiff had sustained the damage alleged.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1107–1112; Dec. Dig. § 344.*]

Appeal from District Court, Floyd County; R. C. Joiner, Special Judge.

Action by Dallas Huskey against the Pecos & Northern Texas Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Madden, Trulove & Kimbrough, of Amarillo, for appellant. T. F. Houghton, of Floydada, for appellee.

HALL, J. Appellee filed this suit by next friend, in the district court of Floyd county, to recover damages on account of personal injuries. He alleged that while riding on horseback along the public highway near Floydada, and while crossing defendant's track at its intersection with the public road, and while still upon defendant's right of way, his horse stepped in and stumbled over a hole in an iron culvert or metal pipe, which defendant had placed in and on said public road as a drain pipe; that by reason thereof plaintiff was thrown to the ground, injuring and bruising his nose, shoulder, spraining his left wrist, and breaking his left arm; that the defendant was negligent in placing said culvert across said road in the manner in which it was placed there, and in not keeping and maintaining the same, and in permitting it to become uncovered and allowing a hole to be and remain therein so as to become dangerous to travelers. There is a general allegation of damages in the sum of $1,500. The record shows that the public road had been established and used many years prior to the building of the line of railway across the same, and that the culvert was part of the approach to the railway track, and constituted part of the crossing at that point. There was a trial before a jury, resulting in a verdict and judgment in favor of appellee, in the sum of $400 and costs of suit.

[1] The appellant requested a peremptory instruction in its favor, which, being refused by the court, is made the basis of the first assignment of error. The first proposition urged under this assignment is that where a railway crosses a public highway, it is required to keep in repair the crossing proper, but is not required to so keep the approaches to such crossing if properly constructed in the beginning, unless the approach constitutes a part of the track or crossing proper. In this sort of a case this question has been decided adversely to appellant's contention several times. In St. L. & S. W. Ry. Co. of Texas v. Smith, 49 Tex. Civ. App. 1, 107 S. W. 638, it is said that under R. S. 1911, art. 6485 (4426), requiring a railroad company building its road across an established highway to restore the highway to its former state, or to such state as not to unnecessarily impair its usefulness, and to keep the crossing in repair, the duty of the company to keep the crossing in repair is absolute; and Talbot, Justice, said: A "crossing within the meaning of the statute * * * is not confined to that portion of the * * * roadbed upon which" the rails and cross-ties "are laid but * * * includes the approaches of public roads thereto on its right of way." I. & G. N. R. R. Co. v. Butcher, 81 S. W. 819; G., C. & S. F. Ry. Co. v. Sandifer, 29 Tex. Civ. App. 356, 69 S. W. 463.

[2] Appellant asked the following special charge: "If you should find in favor of the plaintiff in this case, in estimating the damages which you will allow him, you will take into consderation only the physical pain suffered by the plaintiff, Dallas Huskey, by reason of the injuries received by him at the time and place alleged in plaintiff's petition" —and the refusal of the court to give this charge is the basis for appellant's second assignment of error. The court did not err in refusing this charge, because under his general allegation of damages, appellee was entitled to recover for both mental and physical suffering. T. & N. O. Ry. Co. v. Bingle, 9 Tex. Civ. App. 322, 29 S. W. 674; T. & P. Ry. Co. v. Curry, 64 Tex. 85. Paragraph 5 of the general charge properly submitted this issue to the jury.

It is contended under the third assignment that the railway company, in maintaining a culvert on its right of way across a highway, is bound to use only ordinary care when the culvert is disconnected with its track across its property. What we have said in disposing of the first assignment also disposes of this contention.

[3, 4] The following special exception was urged to plaintiff's petition: "Said petition alleges in the ninth paragraph thereof that the plaintiff, Dallas Huskey, has been damaged in the sum of $1,500, but fails to state of what said damages consist, and in what way plaintiff has sustained such damages, wherefore defendant prays judgment," etc. Plaintiff's petition specifically alleges condition of the culvert and the manner in which the accident occurred, and contains a detailed statement of the nature and extent of his injuries. We think the allegations are sufficient.

The fourth assignment of error questions the sufficiency of the evidence to sustain the

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

verdict and judgment. This assignment is without merit. There is sufficient evidence in the record, not only to sustain the finding of the jury, but to authorize a verdict for the amount rendered. The fourth and fifth assignments are therefore overruled.

Because there is no reversible error, the judgment is affirmed.