CLEBURNE ST. RY. CO. v. DICKEY.
(No. 7994.)

(Court of Civil Appeals of Texas. Ft. Worth. June 13, 1914. Rehearing Denied July 4, 1914.)

1. STREET RAILROADS (§ 57*)—CONSTRUCTION—ACTIONS—QUESTION FOR JURY—RESTORING STREET.

In an action for an injury to a pedestrian caused by stepping into a hole in the floor of a bridge, which had been torn up by defendant street railway company, held under the evidence, a question for the jury whether defendant's failure to restore the bridge to its original condition was negligence.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 136–143; Dec. Dig. § 57.*]

2. STREET RAILROADS (§ 37*)—CONSTRUCTION—RESTORING BRIDGE.

A street railroad, in constructing its track along streets, must restore them to their origi-

nal condition, so as to not unnecessarily impair their usefulness.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 103, 105, 126; Dec. Dig. § 37.*]

3. STREET RAILROADS (§ 57*)—CONSTRUCTIONS—ACTIONS FOR INJURY—SUFFICIENCY OF EVIDENCE—CONTRIBUTORY NEGLIGENCE.

In an action for an injury to a pedestrian caused by stepping into a hole in the floor of a bridge which had been torn up in laying street railway tracks, evidence held to sustain a finding of the jury that plaintiff was not guilty of contributory negligence.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 136–143; Dec. Dig. § 57.*]

4. APPEAL AND ERROR (§ 525*)—ASSIGNMENT OF ERRORS—BILL OF EXCEPTIONS.

An assignment complaining of the giving of a special charge could not be considered, where the bill of exceptions did not show that the charge was in fact given, and failed to point out the particulars in which it was objectionable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2376–2378; Dec. Dig. § 525.*]

Appeal from District Court, Johnson County; O. L. Lockett, Judge.

Action by L. C. Dickey against the Cleburne Street Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

J. M. Moore, of Cleburne, for appellant. Walker & Baker, of Cleburne, for appellee.

CONNER, C. J. The appellee instituted this suit to recover damages of the Cleburne Street Railway Company and the city of Cleburne and Daniel Hewitt for injuries received by him at a bridge in the city of Cleburne on the 1st day of April, 1912. At the close of the testimony, the plaintiff dismissed the suit as against Daniel Hewitt. As to the remaining defendants, final judgment was entered in appellee's favor against the appellant street railway company for damages in the sum of $800 and costs. It was further adjudged that the plaintiff take nothing by reason of his suit against the city of Cleburne, and that the city of Cleburne take nothing by reason of its cross-action against the street railway company and Daniel Hewitt. From the judgment so rendered, the street railway company alone has appealed.

The facts constituting the basis of appellee's action are briefly, but substantially, as follows: Brazos avenue in the city of Cleburne extends in the general direction of north and south. Olive street extends in the general direction of east and west. The bridge in question had been originally constructed on the south side of Olive street at the point of intersection with Brazos avenue. It was some 32 feet long by 5 feet wide and rested upon two large sills extending east and west on each side of the ditch or drain intended to be covered. Upon these sills cross-supports were placed, upon which heavy

pine plank or flooring was laid extending east and west with the bottom sills. Later the street railway company was granted a franchise by the city of Cleburne to occupy Brazos avenue, which it did, building its tracks over the bridge mentioned. In building the tracks the street railway company cut the flooring of the bridge some nine feet from its western end and relaid the same under its tracks so that the new flooring extended with the direction of the rails approximately northwest and southeast. In so reconstructing the bridge, however, a part of the west end. was left unfloored; that is, the west edge of the relaid flooring on the north side of the bridge was approximately 12 inches from the end of the sill on the north side, while on the south side of the bridge the west edge of the reconstructed flooring was some 2 feet from the west end of the south sill, thus leaving a triangular space or opening in the west end of the bridge.

On the occasion in question appellee, with the purpose of continuing his journey south along Brazos avenue, crossed Olive street and approached the bridge, entering thereon about midway. There was evidence tending to show that it had been raining and that Brazos avenue on the south side of the bridge was muddy, so that appellee turned to his right when about the center of the bridge, stepped across the railway track, thence in a southerly direction, with the view of stepping upon a grassy plat to avoid the mud and thus gain the sidewalk along the western side of Brazos avenue; that, as he arrived at the southwest corner of the bridge, he stepped off on his right foot, intending it to rest on the flooring of the bridge, and intending with his left foot to reach the grassy plat, but that, in placing his right foot down, it entered the opening in the bridge above described; appellee thereupon fell forward on the bank, and his leg was thrown against the sill in front and up against the flooring of the bridge behind, in which way his leg was broken.

The material questions, we think, are but two: First, was the appellant street railway company guilty of negligence in failing to restore the bridge in question to its original condition? If so, then was appellee guilty of contributory negligence, as the railway company pleaded, in stepping off the bridge as he did?

[1, 2] The first question, we think, must be answered in the affirmative. Railroads generally are given the right to construct their roads along or across streets and highways, but in doing so are required to restore the stream, water course, or street intersected to its former state or to such state as not to unnecessarily impair its usefulness. See Revised Statutes, art. 6485. This statute in terms is not made to apply to a street railway, but we think it is nevertheless declarative of a sound' rule that should be held to apply in the present case, irrespective of the proposition urged by appellee to the effect that the duty to so restore rested upon appellant by virtue of the terms of the franchise granted to it by the city. Thus we find it stated in Mr. Elliott's work on Railroads, vol. 3, § 1092:

"It is generally provided by statute that railroad companies which cross a highway, or lay their tracks therein, must restore it, as far as may be, to its former condition of usefulness and safety, and it is held that this duty rests upon them, even in the absence of any express statutory requirement. This rule applies to street railways as well as to commercial railroads."

Numerous cases are cited in the note in support of the text which we approve. The traveling public, and appellee as a member thereof, had the right to make reasonable use of all parts of the bridge in question as originally designed and constructed for their benefit, and of this right appellant must be held to have been affected with notice at the time of its construction of the tracks across it, and we think, under the circumstances of this case, it was for the jury to say whether or not appellant's failure to fully restore the bridge to substantially its original condition constituted negligence.

[3] Can it be said that appellee was guilty of contributory negligence as a matter of law? Appellee testified in substance, in addition to what we have already stated, that he had often crossed the bridge in question before, but never since the construction of the street railway across it, and that he did not know of the V-shaped opening in the west end of the bridge; that, in attempting to avoid the mud and stepping as he did, he did not have in mind any change of the construction in the flooring on the bridge; that when he stepped off on his left foot, intending to place his right on the floor of the bridge, as above stated, he had his eye upon the grassy plat and thus was misled. We do not feel that, under such circumstances, we would be authorized to set aside the verdict of the jury which, under the court's charge, was to the effect that appellee was in the use of ordinary care for his own safety. See St. L. & S. W. Ry. Co. v. Smith, 49 Tex. Civ. App. 1, 107 S. W. 638; G., C. & S. F. Ry. Co. v. Gasscamp, 69 Tex. 545, 7 S. W. 227; Ringelstein v. City (Civ. App.) 21 S. W. 634.

Several other questions are presented, but we think it unnecessary to more than briefly notice them. It is insisted that there is a variance between the proof and allegations relating to the opening in the west end of the bridge that we have attemped to describe, but we think the allegations as a whole were sufficiently descriptive of the fault intended to be complained of, and that appellant could not have been reasonably misled.

[4] The charges of the court, general and special, we think sufficiently and fairly presented the issues to the jury, and we find no

error as presented in the action of the court in giving or refusing special charges. In some instances the substance of some of the special charges requested by appellant was otherwise given, and some of the assignments going to the giving or refusal of special charges are without sufficient support. For instance, error is assigned to the giving of plaintiff's special charge No. 1. The bill of exception supporting this assignment, omitting formal parts, reads:

"Be it remembered that on the trial of this cause the plaintiff requested the court to charge the law, as contained in special charge No. 1, in substance and effect that if the plaintiff, while traveling across the bridge or culvert in controversy, was without knowledge of any defects, if any existed in it, he had the right, under the law, to presume that it was reasonably safe for the purpose of travel, to which charge the defendant street railway company, by and through its attorney, excepted and here and now tenders its bill and prays that the same be allowed as a part of the record in this cause."

It is apparent that the bill fails to show that the charge complained of was in fact given by the court, and wholly fails to point out the particulars in which the charge was objectionable, as should have been done. See Cleburne St. Ry. Co. v. H. P. Barnes (No. 7995) 168 S. W. 991, by this court and not yet officially published. Nor do we find cause for just complaint on appellant's part on the ground that, under the evidence, the city of Cleburne was also liable.

We conclude that on the whole the evidence supports the material allegations of appellee's petition and that the judgment must be affirmed.

SPEER, J., not sitting.